UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

─────────────────────────────────────────────────────────────

Oxygenator Water Technologies, Inc.,          File No. 20-cv-358 (ECT/HB)

    Plaintiff and
    Counterclaim Defendant,

                              **OPINION AND ORDER**

v.

Tennant Company,

    Defendant and
    Counterclaimant.

─────────────────────────────────────────────────────────────

Defendant Tennant Company appeals a nondispositive order issued by Magistrate Judge Hildy Bowbeer from the bench on October 25, 2021. In that order, Magistrate Judge Bowbeer determined that Tennant had not shown good cause to supplement its invalidity contentions. ECF No. 445. Magistrate Judge Bowbeer's order will be affirmed because it is neither clearly erroneous nor contrary to law.

I

After this Court entered its claim construction order on August 18, 2021, ECF No. 162, Tennant moved to supplement its invalidity contentions, ECF No. 267. Tennant's motion was brought within 14 days of the claim construction order. *See* ECF No. 43 at 16, § 2(c)(ii). It was Tennant's third time seeking to amend its invalidity contentions. *See* ECF Nos. 60, 90, 267.

This time, Tennant asserted that the Court's adoption of certain of OWT's proposed constructions (or lack of construction) in the claim construction order created invalidity

issues under 35 U.S.C. § 112. ECF No. 267 at 4–5. Specifically, Tennant pointed to the Court's adoption of OWT's construction of the terms "water," "conductivity … supports plant or animal life," "a first anode electrode portion that is non parallel to a second anode electrode portion," and "flowing water … through an electrolysis emitter," as well as the Court's own construction of "power source" and "electrical power source." *See id*. at 4. Tennant claimed that these constructions rendered the claims "invalid as indefinite, lacking written description, and failing the enablement requirement." *Id*. at 4–5. Thus, Tennant sought to amend its invalidity contentions to raise purported § 112 issues resulting from the claim construction, as well as to "supplement the grounds for invalidity of the '092 and '665 patents based on Wikey as the primary reference in light of the Court's construction of the 'flowing water' terms." *Id*. at 5.

Tennant's motion focused on its diligence in seeking to amend within 14 days of the Court's claim construction order. *See* ECF No. 267 at 6–10. Essentially, Tennant argued that it was unable to predict the court's claim construction prior to its ruling, and that OWT and the Court anticipated (or agreed) that Tennant could address § 112 invalidity issues later in the case. *Id*. at 10 ("These facts, including that neither OWT nor Tennant had any way of predicting how the Court would rule on the claim construction disputes before it issued the Claim Construction Order as well as the parties' and Court's agreement that Tennant 'is free to pursue its [§ 112] invalidity arguments later in the litigation,' demonstrate that Tennant acted with diligence in identifying its § 112 invalidity positions.").

2

Magistrate Judge Bowbeer denied Tennant's motion for leave to amend its invalidity contentions. ECF No. 445 at 37. Magistrate Judge Bowbeer stated that that "Tennant [had not] met its burden to show good cause" for the amendment because "Tennant was on notice back in January [2020] when it got OWT's invalidity counter-contentions about how OWT viewed Wikey," and "it was crystal-clear by April when the joint claim construction statement went in," and as a result, Magistrate Judge Bowbeer "[could not] reconcile that time line with the diligence required for a showing of good cause." *Id*.

Tennant appealed. ECF No. 448. Tennant switched up its argument on appeal, focusing anew on Tennant's understanding of the Scheduling Order, which purportedly led Tennant to believe that it was allowed to amend its contentions following an adverse claim construction without a showing good cause. ECF No. 448 at 2, 7.

II

Tennant's appeal challenges Magistrate Judge Bowbeer's denial of its motion for leave to amend its invalidity contentions, and, in effect, its request to modify the scheduling order. This motion is nondispositive.[1] *See* Local Rule 7.1(b)(4)(A)(i) (providing that "[n]ondispositive motions covered by this subsection include, for example: . . . motions to

---

[1] The parties agree that Magistrate Judge Bowbeer's order should be reviewed under the "clearly erroneous and contrary to law" standard for nondispositive motions. ECF No. 448 at 6; ECF No. 455 at 5. Considering the potentially dispositive implications this decision may have on Tennant's defenses, *see* ECF No. 448 at 13 (asserting that the Magistrate Judge's denial of Tennant's motion resulted in prejudice because Tennant "would be unable to argue that the Wikey reference invalidates the '092 and '665 patents"), the Court notes that even it were to consider Tennant's motion under a *de novo* standard of review, Tennant's motion would be denied.

amend pleadings" and "discovery-related motions"); *Elkharwily v. Mayo Holding Co.*, No. 12-cv-3062 (DSD/JJK), 2014 WL 3573674, at *1–2 (D. Minn. July 21, 2014) (reviewing denial of motion to modify scheduling order as nondispositive).

Review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). A nondispositive order may be overruled only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.2(a)(3). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citations and internal quotations omitted).

III

Tennant argues that Magistrate Judge Bowbeer's Order was "clearly erroneous and contrary to law because Tennant met the deadline provided in the Court's Scheduling Order," so "no showing of good cause [was] required." ECF No. 448 at 7. But Tennant's reading does not jibe with the Scheduling Order itself, which states that Tennant could amend its claim chart "only by agreement of the parties or leave of Court *for good cause shown*." ECF No. 43 at 16, § 2(c) (emphasis added). OWT did not agree to an amendment, so Tennant needed to demonstrate good cause. *Id.*

Tennant argues that "good cause" under the Scheduling Order existed because its claim construction was "not adopted by the Court," and because "the Court issue[d] a claim

4

construction different from either party's proposal," thus implicating § 2(c)(ii) of the Scheduling Order, which states that "Defendant may request permission to amend its contentions, [but] only related to that particular term/phrase." *See* ECF No. 448 at 8-9; ECF No. 43 at 16, § 2(c)(ii). But allowing Tennant to "request" permission does not eliminate the showing of good cause required to amend the invalidity contentions, as Tennant argues. *See* ECF No. 43 at 16, § 2(c).

And Magistrate Judge Bowbeer was correct in determining that Tennant had not demonstrated the diligence required for a showing of good cause. Indeed, Tennant does not contest Magistrate Judge Bowbeer's finding that it knew about the issues underlying its motion for leave to amend the invalidity contentions as early as January 2020, ECF No. 445 at 37, yet Tennant did not move to amend its contentions until after the Court's claim construction order. Accordingly, Magistrate Judge Bowbeer's determination that Tennant was not diligent in seeking to amend its invalidity contentions is neither clearly erroneous nor contrary to law.

The conclusion that Tennant did not act diligently in seeking to amend its invalidity contentions is an adequate basis to find good cause was lacking, so it is unnecessary to consider whether allowing the proposed amendments would cause unfair prejudice. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Because the denial of Tennant's motion to amend its invalidity contentions was not clearly erroneous or contrary to law, the October 25, 2021 order will be affirmed.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT** Tennant's Objections [ECF No. 448] to Magistrate Judge Bowbeer's October 25, 2021 order [ECF No. 445] are **OVERRULED** and that ruling is **AFFIRMED.**

Dated:  December 22, 2021             s/ Eric C. Tostrud
                                                    Eric C. Tostrud
                                                    United States District Court